# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| RUTH MARIE ANDERSON,<br><br>               Plaintiff,<br>v.<br><br>DONALD TRUMP, et al.,<br><br>               Defendants. | Case No. 3:25-cv-05390-TMC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JULY 29, 2025 |

       Plaintiff applied to proceed *in forma pauperis* (IFP) in this matter. (Dkt. 1). The Court issued an order to show cause after reviewing Plaintiff's first IFP application because the application was incomplete. Dkt. 5. The Court advised Plaintiff that failure to comply with the Court's Order may result in a Report and Recommendation to the District Judge that denial of the IFP and/or dismissal of her case would be appropriate. Dkt. 5. Plaintiff requested additional time to correct the deficiencies the Court identified in her IFP application or to pay the $405.00 filing fee. Dkt. 6. The Court granted Plaintiff's motion and re-noted her IFP application to June 23, 2025. Dkt. 7.

       Plaintiff has neither corrected the deficiencies in her IFP application nor paid the $405 filing fee.

       The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v.*

REPORT AND RECOMMENDATION - 1

1 | *Nair,* 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied,* 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends Plaintiff's IFP application (Dkt. 1) should be DENIED and Plaintiff should be directed to pay the $405.00 filing fee within 30 days of the date this Report and Recommendation is adopted. If no filing fee is paid, the Clerk should be directed to close the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **July 29, 2025**, as noted in the caption.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable Tiffany M. Cartwright.

Dated this 14th day of July, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge